Law Offices of Shawn R. Perez
SHAWN R. PEREZ, ESQ., CSBN 164228
633 South Fourth Street, Suite 7
Las Vegas, NV 89129
shawn711@msn.com
(949) 492-9545
(702) 383-6603 *Facsimile*

Attorneys for Claimants

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REAL PROPERTY LOCATED AT 13840 ROSECRANS AVENUE, SANTA FE SPRINGS CALIFORNIA (SIERRA)<br><br>Defendant.<br>_____<br><br>BASILIO A. SIERRA AND LISA A SIERRA<br><br>Titleholder/Claimants.<br>_____ | CASE NO.: CV-04896(CAS) (RZx)<br><br>**ANSWER TO COMPLAINT FOR FORFEITURE** |

Claimants, BASILIO A. SIERRA and LISA A SIERRA, through undersigned counsel, Shawn R. Perez, answers the Complaint For Forfeiture as follows:

1.  Claimant does not dispute the legal contention contained in Paragraph 1.

2.  Paragraph 2 constitutes a jurisdictional statement to which no response is required. To the extent a response may be required, Paragraph 2 is denied.

3.  Claimant does not dispute the legal contention regarding venue

ANSWER TO COMPLAINT FOR FORFEITURE
1

contained in Paragraph 3.

4. Claimant admits the allegation contained in paragraph 4.

5. Claimant admits the allegations contained in paragraph 5.

6. Claimant admits the allegations contained in paragraph 6.

7. Claimant admits the allegations contained in paragraph 7, with the exception of the allegations contained lines 4-10 on page 4 of the complaint which call for a legal conclusion and on that basis denies those particular allegations.

8. Claimant denies the allegations contained paragraph 8.

9. Claimant admits the allegations contained in paragraph 9.

10. Claimant is without sufficient information or belief to either admit or deny the allegations contained in paragraph 10 and on that basis denies the allegations.

11. Claimant is without sufficient information or belief to either admit or deny the allegations contained in paragraph 11 and on that basis denies the allegations.

12. Claimant is without sufficient information or belief to either admit or deny the allegations contained in paragraph 12 and on that basis denies the allegations, with the exception that claimants admit that the location was being used as a marijuana store.

13. Claimant admits the allegations contained in paragraph 13.

14. Claimant is without sufficient information or belief to either admit or deny the allegations contained in paragraph 14 and on that basis denies the allegations.

15. Claimant is without sufficient information or belief to either admit or deny the allegations contained in paragraph 15 and on that basis denies the allegations.

16. Claimant is without sufficient information or belief to either admit or

1 deny the allegations contained in paragraph 16 and on that basis denies the
2 allegations.
3     17. Claimant is without sufficient information or belief to either admit or
4 deny the allegations contained in paragraph 17 and on that basis denies the
5 allegations.
6     18. Claimant is without sufficient information or belief to either admit or
7 deny the allegations contained in paragraph 18 and on that basis denies the
8 allegations.
9     19. Claimant is without sufficient information or belief to either admit or
10 deny the allegations contained in paragraph 19 and on that basis denies the
11 allegations.
12     20. Claimant is without sufficient information or belief to either admit or
13 deny the allegations contained in paragraph 20 and on that basis denies the
14 allegations, with the exception that claimants admit that they received a letter from
15 Paul Ashworth.
16     21. Claimant is without sufficient information or belief to either admit or
17 deny the allegations contained in paragraph 21 and on that basis denies the
18 allegations.
19     22. Claimant is without sufficient information or belief to either admit or
20 deny the allegations contained in paragraph 22 and on that basis denies the
21 allegations.
22     23. Claimant is without sufficient information or belief to either admit or
23 deny the allegations contained in paragraph 23 and on that basis denies the
24 allegations.
25     24. Claimant is without sufficient information or belief to either admit or
26 deny the allegations contained in paragraph 24 and on that basis denies the
27 allegations, with the exception that claimants admit that they received the cease and
28

ANSWER TO COMPLAINT FOR FORFEITURE
3

1  desist letter.

2  25. Claimant is without sufficient information or belief to either admit or deny the allegations contained in paragraph 25 and on that basis denies the allegations.

26. Claimant is without sufficient information or belief to either admit or deny the allegations contained in paragraph 26 and on that basis denies the allegations.

27. Claimant denies the allegations contained in paragraph 27.

28. Claimant admit that they locked Dunlap out of the property but denies the balance of the allegations.

29. Claimant denies the allegations contained in paragraph 29.

### FIRST AFFIRMATIVE DEFENSE

30. Claimant is an innocent owner of the Defendant a real property located in Rancho Cucamonga, California. (18 U.S.C. § 983(d).)

### SECOND AFFIRMATIVE DEFENSE

31. The complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

32. Plaintiff is not entitled to the relief requested herein because it has unclean hands and seized the defendant property without probable cause.

### FOURTH AFFIRMATIVE DEFENSE

33. The defendant property is not subject to forfeiture under 18 U.S.C. § 981, et seq. because all evidence seized was obtained in violation of the Fourth Amendment and with this evidence there is not probable cause to seize the defendant property.

### FIFTH AFFIRMATIVE DEFENSE

34. The forfeiture of the entirety of the seized property is in violation of the Eighth Amendment to the Constitution of the United States and is subject to

proportionality.

## PRAYER FOR RELIEF

**WHEREFORE**, claimants, BASILIO A. SIERRA and LISA A SIERRA, prays the following:

1) That no relief be granted to the Plaintiff in its complaint herein in the above-referenced case;

2) That the property be returned to them, along with interest calculated from the date of the seizure;

3) That claimant be awarded costs of the suit herein;

4) That claimant be awarded attorney's fees;

5) For such other and further relief as may be deemed just and equitable.

Dated: July 12, 2012                    Respectfully submitted,


/s/ Shawn R. Perez, Esq.
SHAWN R. PEREZ, ESQ.
Attorney for Claimants

ANSWER TO COMPLAINT FOR FORFEITURE
5